Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| ALANOA NICKEL ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLARE E. CONNORS, in her Official ) <br> Capacity as the Attorney General of the ) <br> State of Hawaii and AL CUMMINGS ) <br> in his Official Capacity as the State Sheriff ) <br> Division Administrator; CITY AND ) <br> COUNTY OF HONOLULU; ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. _____ |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

COMES NOW the Plaintiff, Alanoa Nickel, ("Plaintiff"), by and through his undersigned counsel, and complains of the Defendants as follows:

1

## I.    PARTIES

1. Plaintiff Alanoa Nickel is an adult male resident of the State of Hawaii and resides in Honolulu County. He is over the age of 21. He was born in the U.S. territory of America Samoa and is thus classified as a U.S. National of the United States of America but not a U.S. citizen.

2. Defendant Clare E. Connors is the Attorney General of the State of Hawaii and is sued in her official capacity and is responsible for enforcing the State of Hawaii's customs, policies, practices and laws related to the State of Hawaii's ban on noncitizen U.S. Nationals applying for a permit to acquire a firearm. Defendant Connors may be served at the Office of Attorney General located at 425 Queen St, Honolulu, Hawaii 96813.

3. Defendant Al Cummings is sued in his official capacity as State Sheriff Division Administrator. Defendant Cummings is responsible for enforcing the State of Hawaii's customs, policies, practices and laws related to Hawaii's ban on noncitizen U.S. Nationals applying for a permit to acquire a firearm. Defendant Cummings may be served at the Department of Public Safety Sherriff's division located at 1177 Alakea Street, Room #418, Honolulu, Hawaii 96813.

4. Defendant City and County of Honolulu ("City") is a municipal corporation incorporated under the laws of the State of Hawaii. The City is authorized by law to control and maintain the Honolulu Police Department, an

agency of the city, who acts on the City's behalf in the area of law enforcement. The City is therefore ultimately responsible for Honolulu Police Department ("HPD") and its actions, and therefore, must assume the risks incidental to the maintenance of HPD, its employees, laws, customs and policies. The City and County of Honolulu can be served by serving the Department of the Corporation Counsel, City and County of Honolulu, 530 S. King Street, Room 110, Honolulu, HI 96813.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988.

6. This Court has personal jurisdiction over the Defendants because they acted under the color of laws, policies, customs and/or practice of the State of Hawaii and within the geographic confines of the State of Hawaii.

7. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

8. Venue is proper because the Defendants execute, administer, and enforce the complained of laws against Plaintiff in this District and because the events and omissions giving rise to this action are harming Plaintiff in this District, and the State law was enacted in the State capital in this District.

## III. STATEMENT OF FACTS

9. Plaintiff desires to apply for a permit to acquire a handgun permit which would enable him to defend himself in the State of Hawaii.

10. Plaintiff was born in America Samoa.

11. Plaintiff is a U.S. National but not a U.S. citizen due to being born in America Samoa.

12. Plaintiff is over the age of 21.

13. Plaintiff has never committed a crime that would prohibit him from owning a firearm under with Hawaii or federal law.

14. Plaintiff does not take illegal drugs or abuse alcohol.

15. Plaintiff does not suffer from any mental disorder which would preclude him from owning a firearm under Hawaii or federal law.

16. Plaintiff has never been adjudicated mentally defective or has been committed to a mental institution by a court.

17. Other than Plaintiff's status as a noncitizen U.S. National, there is no other reason under state or federal law that would preclude him from owning a firearm.

18. Plaintiff served and was honorably discharged from the Utah Air National Guard.

19. Plaintiff is a law-abiding U.S. national and a resident of the State of Hawaii and has no disqualifying factor which would prohibit him from legally and safely owning a firearm apart from being a noncitizen U.S. National. But because

Plaintiff is not a citizen of the United States of America, he cannot even apply for a permit to acquire a firearm.

20.  Under HRS § 134-2, the "chief of police of the respective counties may issue permits to acquire firearms to citizens of the United States of the age of twenty-one years or more".

21.  As such, because Plaintiff is not a citizen of the United States of America, the chief of police of Honolulu has no discretion in which to even allow the Plaintiff to apply for a permit.  Hawaii state law completely forbids anyone who is not a citizen of the United States of America from even applying because the chief of police cannot grant a permit to a non-citizen.

22.  However, in *Fotoudis v. City & County of Honolulu*, 54 F. Supp. 3d 1136, State law was enjoined to the extent that it applied to permanent resident aliens.

23.  It was not enjoined as to noncitizen U.S. Nationals and is still being enforced against them.

24.  Plaintiff has refrained from owning a firearm in the State of Hawaii because he fears arrest, prosecution, fines and imprisonment if he were to do so because it is unlawful for a noncitizen U.S. National to receive a permit to acquire a firearm in the State of Hawaii.

25. Due to Hawaii law requiring a permit to acquire to purchase a firearm and registration of all firearms, Plaintiff is unable to acquire a firearm.

26. On July 15th 2020, Plaintiff went to Honolulu Police Department and attempted to apply for a permit to acquire a firearm. Upon discovering that Plaintiff was a noncitizen U.S. National, the officer processing Plaintiff denied him the opportunity to apply for a permit to acquire citing state law.

27. A controversy exists as to whether the citizenship requirement contained in HRS 134-2 is unconstitutional as applied to noncitizen U.S. Nationals.

28. There is no adequate remedy at law because only a declaration that HRS 134-2 is unconstitutional, as opposed to money damages, would allow Plaintiff as a noncitizen U.S. National the opportunity to apply for a permit to acquire a firearm.

## COUNT I
## VIOLATION OF SECOND AMENDMENT
### (U.S. Const. Amend. II; 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988)

29. Plaintiff realleges and incorporates the previous paragraphs by reference.

30. The citizenship requirement in HRS 134-2, and all other Hawaii statutory language, which restrict noncitizen U.S. Nationals the rights and privileges of owning firearms based on citizenship, on their face and as-applied, are unconstitutional denials of the Second Amendment in violation of the Second Amendment of the United States Constitution.

# COUNT I
# VIOLATION OF EQUAL PROTECTION
### (U.S. Const. Amend. XIV; 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988)

31. Plaintiff realleges and incorporates the previous paragraphs by reference.

32. The citizenship requirement in HRS 134-2, and all other Hawaii statutory language, which restrict noncitizen U.S. Nationals the rights and privileges of owning firearms based on citizenship, on their face and as-applied, are unconstitutional denials of equal protection of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing HI Rev Stat § 134-2's citizenship requirement as applied to Plaintiff;

2. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing

HI Rev Stat § 134-2's citizenship requirement as applied to all noncitizen U.S. Nationals;

3. An order declaring that HI Rev Stat § 134-2's citizenship requirement is unconstitutional and violates the Second Amendment and the Equal Protection Clause of the United States Constitution as applied to Plaintiff;

4. An order declaring that HI Rev Stat § 134-2's citizenship requirement is unconstitutional and violates the Second Amendment and the Equal Protection Clause of the United States Constitution as applied to all noncitizen U.S. Nationals

5. An order declaring HI Rev Stat § 134-2's citizenship requirement unenforceable as to noncitizen U.S. Nationals;

6. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. §1988;

7. Such other Declaratory relief consistent with the injunction as appropriate; and

8. Such other further relief as the Court deems just and appropriate.

Dated: July 27th, 2020.

                                        Respectfully submitted,

                                        **ALANOA NICKEL**

                                        /s/ Alan Beck
                                        Counsel for Plaintiff

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

## VERIFICATION

I, Alanoa Nickel, declare as follows:

1. I am a Plaintiff in the present case and a noncitizen U.S. National of the United States of America.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint for Declaratory and Injunctive Relief*, and if called on to testify, I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Verified Complaint for Declaratory and Injunctive Relief* concerning myself, my activities and my intentions are true and correct.

Executed on July 25, 2020.

_____
Alanoa Nickel